GREEN, Judge,
delivered the opinion of the court:
Plaintiff, during the period involved in this case, was a lieutenant in the Air Corps Reserve, United States Army, and on October 19, 1929, voluntarily participated as a pilot in an aerial flight which was incident to his military training and in line of duty. Without any fault or negligence on plaintiff’s part the plane fell to the ground, very severely injuring him. Plaintiff was immediately taken to a hospital in Cincinnati for treatment at Government expense. He remained in the hospital until November 2, 1929, when on the advice of his physician, for reasons stated in the findings, although not having fully recovered, he left the hospital and returned to his home where he received doctor’s treatment and finally, on December 22, 1929, resumed his former employment. He has received full pay and allowances up to the time he left the hospital but nothing for any of the time he was at home and completing his recovery. He now brings suit to recover pay and allowances for this period, which was from November 2, 1929, to December 22, 1929.
*491 The law on which the claim is based is found in section 6 of the act of March 4,1923, 42 Stat. 1508, as amended by the act of June 3, 1924, 43 Stat. 364, and the act of April 26, 1928, 45 Stat. 461. Under the circumstances recited above, the act provides that officers of plaintiff’s status are “entitled to hospital treatment, including medical treatment, at Government expense, until the disability resulting from such injury or disease cannot be materially improved by further" hospital treatment, and during the period of hospitalization to the same pay and allowances whether in money or in kind that they were entitled to receive at the time such injury was suffered or disease contracted, and to transportation to their homes at Government expense when discharged from hospital; they shall also be entitled to such further medical treatment for such injury or disease as is reasonably necessary after arrival at their homes under such regulations as may be prescribed by the President.”
It is urged in argument that at the time plaintiff left the hospital he was “entitled to further hospital treatment”, that in effect he was “hospitalized” at home, and for this reason he should receive pay and allowances up to the time he had fully recovered. It may be conceded that-the evidence shows plaintiff could have remained longer in the hospital at Government expense. However, his own physician, for reasons stated in the findings, thought it advisable that he should return to his home. Unfortunately for plaintiff the statute seems to make no provision for his receiving pay except during the period of hospitalization, although the evidence shows he had not fully recovered when he left the hospital. It might be said also that the evidence is not definite as to the period for which he would have been entitled to receive hospitalization had he chosen to remain longer. This suit is brought only to recover pay and allowances for a period after he left the. hospital, and there is nothing in the evidence to show the amount of his medical expenses. In our opinion, he cannot recover pay and allowances for any of the period after he, left the hospital, and it is therefore ordered, that his petition be dismissed.
Whalet, Judge; Williams, Judge\ LittletoN, Judge; and Booth, GMef Justice, concur.