Williams, Judge,
delivered the opinion of the court:
Plaintiff, an officer of the Eeserve Corps, while serving on active duty in the Civilian Conservation Corps, was admitted on February 23, 1934, to a Veterans’ hospital at Memphis, Tennessee, for treatment for disabilities determined to have been contracted in line of duty. On March 9, 1934, while undergoing treatment, he was relieved from active duty. On June 10, 1934, he was discharged from the hospital for the reason that although not cured he had reached the maximum benefit from hospitalization.
Prior to his discharge he was advised by his ward surgeon that further treatment at the Army and Navy hospital in Hot Springs, Arkansas, might be of considerable benefit. On June 12, 1934, the date on which he arrived at his home, he applied for further treatment at that hospital, was admitted thereto on September 11, 1934, and remained for treatment for the same disease until November 1, 1934, when he was discharged as improved but not entirely cured.
*303 While undergoing treatment in the Veterans’ hospital at Memphis he received active duty pay and allowances, but received no pay and allowances after discharge therefrom and while he was receiving further treatment at the Army and Navy hospital at Hot Springs from September 11 to November 1, 1934.
Plaintiff brings this suit to recover the sum of $543.78, the amount due him if entitled to receive active duty pay and allowances during the period of his hospitalization at Hot Springs, Arkansas, September 11, 1934, to November 1, 1934. The claim is based on the act of April 26, 1928, 45 Stat. 461, 462, winch provides:
Members of the Officers’ Reserve Corps and of the enlisted reserve corps of the Army who suffer personal injury or contract disease in line of duty while on active duty under proper orders; and persons hereinbefore described who may now be undergoing hospital treatment at Govermnent expense for injuries so sustained; shall, under such regulations as the President may prescribe, when hospital treatment is necessary for appropriate treatment of such injury or disease, be entitled to hospital treatment, including medical treatment, at Government expense, until the disability resulting from such injury or disease can not be materially improved by further hospital treatment, and, during the period of hospitalization, to the same pay and allowances whether in money or in kind that they were entitled to receive at the time such injury was suffered or disease contracted, and to transportation to their homes at Govermnent expense when discharged from hospital; they shall also be entitled to such further medical treatment for such injury or disease as is reasonably necessary after arrival at their homes under such regulations as may be prescribed by the President. * * * No person hospitalized under the foregoing provisions of this section on account of any personal injury suffered or disease contracted shall be entitled to receive, in connection with such injury or disease, pay or allowance other than hospital treatment, including medical treatment, and transportation, as herein provided, for more than six months; but for any remaining period of such hospitalization he shall be entitled to subsistence at Government expense. * * *.
*304 Under tbis statute plaintiff was entitled (1) to hospital treatment, including medical treatment, at Government expense until the disability from which he was suffering could not be materially improved by further hospital treatment, and (2) to receive during the period of his hospitalization, for not to exceed six months, the same pay and allowances whether in money or in kind that he was entitled to receive at the time his disease was contracted. He was admitted to the hospital at Memphis and received hospital treatment there for a period of 3 months and 17 days. After discharge from this hospital he was, upon his own request, through proper military channels, admitted to the hospital at Hot Springs, where he received further hospital treatment for the same disease for a period of 1 month and 20 days, making a period of 5 months and 7 days in which he received hospital treatment for the same disease.
The defendant in resisting plaintiff’s claim for active duty pay and allowances for the period in which he received hospital treatment at Hot Springs relies on a provision of Army Regulations 35-3420, and the decision in Brunner v. United States, 81 C. Cls. 489, 491. The Army regulation provision relied on reads:
(1) The six months’ period for pay purposes begins the day following that on which the injury is suffered or disease contracted.
(3) A Reserve officer who has received hospitalization with a continuation of pay and allowances under the act of April 26, 1928, and who has been discharged from hospital and later readmitted to hospital for further treatment for the same injury incurred or same disease contracted during the same period of active duty, is entitled to continuation of pay and allowances only to include the date of original discharge from hospital.
This regulation is clearly invalid in that it limits and restricts the rights of a Reserve Officer under the plain provisions of the statute. The officer is entitled to hospitalization until the disability resulting from the disease with which he is afflicted “cannot be materially improved by further hospital treatment” and during the period of hos *305 pitalization “to the same pay and allowances whether in money or in kind” that he was entitled to receive at the time the disease was contracted. The fact that he is discharged from one hospital does not preclude his right for further treatment for the same disease in another hospital if he can be “materially improved by further hospital treatment”, nor does his discharge from one hospital affect his rights to pay and allowances under the Act, when readmitted to another hospital for treatment of the same disease. The very fact that plaintiff in this case was admitted to a second hospital for the treatment of the same disease must be deemed to establish the fact that his disability could be “materially improved by further hospital treatment”, as in fact it was. He was, therefore, clearly entitled to the hospital treatment received by him at the Hot Springs hospital, and under the unqualified provisions of the statute was entitled, during the period of his hospitalization there, to active duty pay and allowances, the periods of his hospitalization at Memphis and Hot Springs combined being not more than six months.
In Brunner v. United States, supra, the plaintiff, a Reserve Officer of the Army, was injured in an airplane crash. He was admitted to a Government hospital and received treatment there for about a month. Upon the advice of his physician he returned to his home where he continued to receive medical treatment for a considerable time. During the period of his hospitalization he received active duty pay and allowances. He claimed pay and allowances during the period he received treatment at home after leaving the hospital. It was contended that at the time plaintiff left the hospital he was entitled to further hospital treatment, and that under the facts of the case he was in effect hospitalized at home during the time of his treatment there, and for this reason he should receive the pay and allowances up to the time he had fully recovered. The court rejected this contention and held that the statute authorized active duty pay and allowances during the period of hospitalization only. Obviously home treatment is not hospital treatment within the meaning of the *306 law. The claim in the instant case is for active duty pay and allowances during the period of plaintiff’s actual hospitalization, which the statute in specific terms authorizes. The decision in the Bnmner ease can have no application to the facts in this case, the facts of the two cases being clearly distinguishable.
The plaintiff is entitled to recover and is hereby awarded a judgment in the sum of $543.78. It is so ordered.
Whaley, Judge; Littleton, Judge; Geeen, Judge', and Booth, Chief Justice, concur.