LittletoN, Judge,
delivered the opinion of the court:
In view of the facts and circumstances as set forth in the findings, we are of opinion that under the act of April 26, 1928, 45 Stat. 461, 462, paragraphs 12 and 13 of Army Regulations 35-3420, Change 1 effective June 20, 1932, and paragraph 3 of Army Regulations 40-505, effective January 10, 1934, the plaintiff is entitled to recover the unpaid bal- *185 anee of $460.37 representing pay and allowances for the period September 4 to October 13, 1934, and the reasonable and necessary expenses incurred and paid by him for necessary medical attention and treatment. The act of 1928 provides, so far as material here, as follows:
That * * * members of the Officers’ Reserve Corps * * * of the Army who suffer personal injury or contract disease in line of duty while on active duty under proper orders * * * shall, under such regulations as the President may prescribe, when hospital treatment is necessary for appropriate treatment of such injury or disease, be entitled to hospital treatment, including medical treatment, at Government expense, * * * and, during the period of hospitalization, to the same pay and allowances * * * that they were entitled to receive at the time such injury was suffered or disease contracted, and to transportation to’ their homes at Government expense when discharged from hospital; they shall also be entitled to such further medical treatment for such injury or disease as is reasonably necessary after arrival at their homes under such regulations as may be prescribed by the President.
The Army Regulations referred to provide in substance, so far as material under the facts here disclosed, that when treatment in Army hospitals or by military personnel is not available, civilian medical and hospital services may be employed and that accounts for medical and hospital services will be allowed at reasonable rates approved by the corps area commander; that, except in emergency, authority of the corps area commander must be secured before any Government funds are obligated for medical care and that when, in an emergency, medical care has been secured without authority, immediate report of the facts and circumstances connected therewith should be forwarded to the corps area commander. These regulations further provide that when medical attendance is required and cannot otherwise be had, the commanding officer may employ the necessary civilian service, and just accounts therefor will be paid by the medical department; that when the officer who requires such treatment is on duty without troops, he may arrange for the required service and make an immediate report to the proper officials.
*186 The facts clearly show that the circumstances of plaintiff’s injuries produced an emergency situation which clearly entitled him under the Army Regulations made pursuant to law to obtain and to incur the expenses necessary for proper medical treatment. In these circumstances we think that plaintiff is entitled to recover the unpaid balance of his necessary expenses and his active-duty pay and allowances in view of the fact that he duly and promptly, as early as practicable, reported the matter to the proper officers of the 98th Reserve Division, under whom and in which he was serving, and he was advised that until the board of Army officers appointed on July 6 had considered the matter, made a report to the War Department, and until such report had been approved by the War Department, the plaintiff could not be given medical treatment for his injuries at Government expense. The findings of the board of officers were approved by the War Department on August 20, 1934, at which time plaintiff had incurred and paid substantially all the medical expenses here involved. Plaintiff’s injuries required prompt medical attention and treatment and he was not required to wait until some indefinite time in the future for the Government to furnish such medical service. The statute and regulations are clearly broad enough to entitle plaintiff to reimbursement for his necessary expenses and to the active-duty pay and allowance for the period September 4 to October 13, 1934.
Defendant relies upon the case of Brunner v. United States, 81 C. Cls. 489, but that case is not in point. In that case it appears that plaintiff had been receiving hospital treatment at Government expense but that he left the hospital and returned to his home and sued to recover expenses incurred and paid for medical treatment at his home after he had left the hospital. The present case is in no wise similar.
Judgment will be entered in favor of plaintiff for $460.37. It is so ordered.
GREEN, Judge; and Whaley, Chief Justice, concur.
Whitaker, Jkdoe, took no part in the decision of this case.